Terry SWANT, Petitioner–Appellant,

v.

John HEMINGWAY, Warden,
Respondent–Appellee.

No. 01–1849.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2001.

Before JONES and CLAY, Circuit
Judges; DOWD, District Judge.*

### ORDER

Terry Swant, a pro se federal prisoner, appeals from a district court judgment denying Swant's petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In Swant's § 2241 petition, he claimed that the Bureau of Prisons improperly denied his right to be eligible for a potential sentence reduction after the successful completion of a drug treatment program. *See* 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.58(a) (2000). The district court denied the petition, concluding that the Supreme Court's decision in *Lopez v. Davis,* 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), foreclosed consideration of Swant's issues.

In *Lopez,* the Supreme Court held that the use of the word "may" in the

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

statute gave the Bureau of Prisons the discretion to exclude categories of inmates from the sentence reduction program, and individualized determinations are not necessary. 531 U.S. at 240–44, 121 S.Ct. 714. The Court also held that the Bureau's decision to exclude from the program inmates whose offenses involved firearms was a reasonable decision. *Id.* at 244, 121 S.Ct. 714. These holdings dictate a conclusion that the Bureau's decision concerning Swant's eligibility was not arbitrary or capricious.

■ Concerning Swant's equal protection claim, the general rule is that a governmental classification will be sustained if the classification is rationally related to a legitimate governmental interest. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). In *Lopez*, the Supreme Court held that the Bureau's category was reasonable in light of the governmental interest in discouraging the possession of weapons related to drug offenses. Therefore, the *Lopez* case itself shows that the Bureau did not violate the Equal Protection Clause here. If Swant did not believe his sentence should have been enhanced based on possession of weapons, he should have filed a direct appeal to challenge the enhancement. Swant's equal protection claim lacks merit.

The judgment of the district court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.